IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-mj-01012-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**ANDREW JOHN GIBSON**,

    Defendant.

_____

**MOTION FOR IMMEDIATE RELEASE ON BAIL
AND FOR ORDER DIRECTING DEFENDANT TO REPORT TO LAS VEGAS**
_____

    The defendant, Andrew Gibson, through counsel, the Office of the Federal Public Defender, moves for immediate release on bond. He also moves for an order directing him to appear on a date certain in Las Vegas, Nevada. These requests are opposed by the Government.

    Mr. Gibson has charges pending in the District of Nevada under case number 2:14-cr-00287-KJD. Trial is set for April 13, 2015. Mr. Gibson was on bond in that case – under restrictive conditions that included an ankle bracelet. He has made his court appearances in Nevada.[1]

---

[1] This information is from the Docket in U.S. District Court case 2:14-cr-00287 KJD-CWH-1, District of Nevada.

1

On February 6, 2015, Mr. Gibson was arrested in the District of Colorado (while at work) on a warrant issued – for violating his bond conditions – in the District of Nevada. Docs. 1, 5.[2] The Office of the Federal Public Defender was assigned to represent him locally.

A detention hearing was held in this district on February 10, 2015, and an order of detention issued the same day. Docs. 8, 9. The Court directed Mr. Gibson be returned to Nevada "where his detention can be revisited." Doc. 9, page 6. The next day, February 11, 2015, the Court ordered Mr. Gibson's commitment to the District of Nevada. Doc. 12. The Rule 5 documents were docketed in Nevada on February 18, 2015. Doc. 21, U.S. District Court, D. Nevada, 2:14-cr- 00287-KJD.

As of today, Mr. Gibson is still sitting around in the District of Colorado at the Clear Creek County Jail.

At the detention hearing on February 10, 2015, the defendant expressed concerns about lengthy delays in pretrial detainee movement from one district to another. The Court acknowledged these concerns and scheduled status hearings to monitor the progress of Mr. Gibson's transfer. The most recent of these is set for Friday, February 27, 2015, at 10:00 a.m.

Counsel has conferred with the U.S. Marshal's Service, and is aware they have been unsuccessful – for various reasons – in arranging for, or carrying out, Mr. Gibson's transfer. As best counsel can tell, it does not appear Mr. Gibson will be moved this week. He has been in custody based on the bond violation warrant 18 days – held in a local jail. Had he been released on conditions instead of detained, the likelihood is, with

---

[2] "Doc." refers to the clerk's docket in U.S. District Court, D.Colo. Case 15-mj-01012-MEH.

2

his father's help, he would have already appeared in the District of Nevada, as he did when he was first released on bond. *See* Docs. 7, 16, 20,14-mj-1125-CBS, D.Colo.; Doc. 5, 2:14-cr-0287-KJD, D.Nevada.[3]

The Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F), excludes time "resulting from transportation of any defendant from another district . . . except that **any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.**" (Emphasis added)

The "limitation on excludable transportation time was included out of a Congressional desire that the Marshals Service not delay transporting prisoners for economic reasons, such as waiting for more prisoners to be assembled before incurring the cost of moving them. *United States v. Dellinger* 980 F.Supp.2d 806, 813 (E.D.Mich.2013). *See United States v. Taylor*, 821 F.2d 1377, 1384 n. 10 (9th Cir.1987), *rev'd on other grounds*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988).

In this case we have a delay in transportation that is in no way attributable to the defendant. While the technical effect of this may only implicate the Speedy Trial Act in Nevada, the practical effect is to prolong the detention of Mr. Gibson, while he waits for a revisiting of this issue in Nevada. (This is also the only place Mr. Gibson can seek a review of the detention order in district court. See 18 U.S.C. § 3145(b)).

---

[3] Together these documents show that Mr. Gibson was released in Colorado on October 30, 2014, was directed to appear in Nevada "as ordered", and actually appeared there on November 21, 2014, when he was continued on bond.

This is a case where Mr. Gibson has been detained, not because he violated the conditions of his release, but because he said he would. The record establishes he has done what was expected of him: shown up for court; tested for drug use; attended all counseling sessions; complied with electronic monitoring; lived where he was supposed to; maintained contact with his Pretrial Officer, including making required office visits. While there was reference to "locking and loading," there is no evidence Mr. Gibson owns, possesses, or has access to anything to lock and load, and no evidence he is a danger to others. (Unless walls count as "others." He self reported to his therapist punching a hole in a wall.)

On the perverse issue of Mr. Gibson not appearing in court – the fundamental issue with bail – because he might kill himself, while there is some evidence of suicidal ideation, there is absolutely nothing in the record indicating Mr. Gibson has ever attempted suicide or even made a suicidal gesture. What *is* in the record is evidence that he was attending therapy, that he was medication compliant, that he had support from his father, his step mother, his own "life coach," and was faithfully attending court ordered therapy sessions. The Bail Reform Act is manifestly not about guarantees, it is about reasonable assurances. To the extent there is concern that Mr. Gibson might harm himself, the support he has in place, both privately and from the conditions of bond, are more than adequate to reasonably assure that Mr. Gibson will not "flee" his pending court case by taking his own life.

**Request for relief**

Mr. Gibson is compelled to bring this matter to the Court's attention. He asks, since he cannot do anything to force the marshals to transport him in compliance with the limits under the Speedy Trial Act, that he be released on conditions forthwith and ordered to appear – on bond – in the District of Nevada. This will, at least, prevent his continued detention as a result of the delay in his transportation.

Also, by raising this delay issue now, he hopes to preserve the question of any Speedy Trial Act violation for further consideration in Nevada.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    s/ Warren R. Williamson
    WARREN R. WILLIAMSON
    Assistant Federal Public Defender
    633 - 17th Street, Suite 1000
    Denver, Colorado   80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    E-mail:  Rick.Williamson@fd.org
    Attorney for Defendant

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 24, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

       Martha Paluch, Assistant U.S. Attorney
       Email: Martha.Paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

       Mr. Andrew Gibson
       (Via U.S. Mail)

       Carlos Morales, U.S. Probation/Pretrial Officer
       Email: carlos.morales@cod.uscourts.gov

       s/ Warren R. Williamson
       WARREN R. WILLIAMSON
       Assistant Federal Public Defender
       633 - 17th Street, Suite 1000
       Denver, Colorado  80202
       Telephone:  (303) 294-7002
       FAX:  (303) 294-1192
       E-mail:  Rick.Williamson@fd.org
       Attorney for Defendant